Electronically Filed - Jackson - Independence - June 08, 2021 - 11:14 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

**JESSICA L. HOESCHELE** )
)
)
)
**Plaintiff** )
v. ) **Case No.**
)
**OFFICER J. STAUCH (F.N.U.) BADGE NO. 1361,** )
in both his official capacity and his individual capacity )
**[SERVE AT:** 223 N. Memorial Dr. )
Independence, Mo. 64050] )

**COMPLAINT**

Jessica Hoeschele alleges the following as his causes of action against the defendant:

PRELIMINARY STATEMENT AND INTRODUCTION

1. This civil rights action is brought by Ms. Hoeschele seeking monetary damages for violations of his civil rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

2. Ms. Hoeschele specifically seeks damages for defendant's deliberate indifference to her rights and his reckless and intentional actions that violated her civil rights, deprived her of her liberty, and caused permanent physical injuries.

PARTIES

3. Ms. Hoeschele is a Missouri resident living at her listed address.



Electronically Filed - Jackson - Independence - June 08, 2021 - 11:14 AM

4. The individual defendant is a police officer in the State of Missouri who was employed by Independence, Missouri on the date of the incident. The defendant is sued in his official and individual capacities.

JURISDICTION AND VENUE

5. Jurisdiction is conferred by § 478.070, RSMo. Ms. Hoeschele's actions for damages are authorized by:

a. 42 U.S.C. §1983;

b. 42 U.S.C. §1988;

c. The Fourth, and Fourteenth Amendments of the United States Constitution.

6. Venue is proper in the Jackson County Circuit Court, since the events giving rise to Ms. Hoeschele's claim occurred in Jackson County, Missouri.

FACTS

7. All relevant acts occurred in the Independence, Jackson County, Missouri.

8. The defendant is liable for damages caused by his intentional, wrongful, and/or reckless acts and/or omissions while acting within the course and scope of his employment. This all took place under circumstances where governmental entities and individual officers are liable. Defendant's liability is based upon conduct that demonstrates patterns of behavior and deliberate indifference to the issues raised and to the rights of citizens. The defendant caused the deprivations of rights, privileges, and immunities secured to Ms. Hoeschele by the federal constitution through the use of excessive force in arresting Ms. Hoeschele and by detaining her without lawful cause.

Electronically Filed - Jackson - Independence - June 08, 2021 - 11:14 AM

9. The defendant's conduct violated Ms. Hoeschele's clearly established federal right to be free from excessive force and from being detained without probable cause or reasonable suspicion.

10. Defendant breached his duties, and those breaches proximately and actually caused or contributed to cause Ms. Hoeschele' injuries, damages, and suffering. Defendant should have foreseen the danger to Ms. Hoeschele, specifically the risks that were likely enough to happen that a reasonably prudent person would take them into account and then act to prevent them.

11. Defendant failed to warn and failed to take reasonable steps to protect Ms. Hoeschele. There were special duties owed to Ms. Hoeschele because of the procedures used and also the law enforcement actions and inactions described in this pleading.

## The Events of June 10, 2016

12. On June 10, 2016 Ms. Hoeschele was is Independence, Missouri near the intersection of Jones and 8th Streets around 11:30 P.M.

13. Ms. Hoeschele approached the defendant and asked him for directions. The defendant then detained Ms. Hoeschele without lawful cause. The defendant, after detaining Ms. Hoeschele, learned that she had warrants and announced that she was under arrest.

14. Ms. Hoeschele fled from the defendant, who then chased and captured her. He placed her prone and face down, straddled her torso to prevent her from moving, and secured her left arm in a handcuff. Ms. Hoeschele's right arm was pinned under her

Electronically Filed - Jackson - Independence - June 08, 2021 - 11:14 AM

body, and she could not remove her arm from the pin as the defendant's weight prevented her from moving. The defendant then applied a straight arm lock to Ms. Hoeschele's left arm, holding her wrist with his left hand while pressing on her upper arm above her elbow with his right hand. The force of the arm lock caused Ms. Hoeschele's humorous to break into two pieces.

CLAIMS

15. Ms. Hoeschele seeks damages against the defendant for:

a. committing acts under color of law, which deprived Ms. Hoeschele of rights secured under the Constitution of the United States;

b. refusing or neglecting to prevent such deprivations and denials to Ms. Hoeschele;

c. using excessive force upon Ms. Hoeschele in violation of her constitutional rights;

d. conspiring to violate the constitutional rights of Ms. Hoeschele;

e. causing or contributing to cause physical injury to Ms. Hoeschele;

f. his wrongful, intentional, and/or reckless conduct.

16. The defendant's conduct caused the deprivation of Ms. Hoeschele' rights under the United States Constitution and the laws of the United States.

17. As a direct and proximate result of defendant's unlawful and malicious physical conduct committed under color of law and under his authority as a law enforcement officer, Ms. Hoeschele suffered injuries. Acting under color of state law, the defendant deprived Ms. Hoeschele of her rights to be secure in her person against the use of

excessive force and to be free from seizure of her person without lawful cause in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws of the United States including 42 U.S.C. §1983.

18. Ms. Hoeschele was subjected to various deprivations because of the actions and omissions cited above. Specifically, she was deprived of rights, privileges, and immunities recited throughout this pleading, including:

a. rights, privileges, and immunities secured to her by the Constitution and laws of the United States of America;

b. the rights to security of person and freedom from excessive force, guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States;

c. equal protection of the law and equal privileges under the law, guaranteed by the Fourteenth Amendment to the United States Constitution and similar provisions of the Constitution of Missouri.

ACTUAL DAMAGES

19. Ms. Hoeschele suffered injuries and damages as a direct and proximate result of the actions and omissions of defendant. Ms. Hoeschele specifically suffered deprivation of federal and state constitutional rights, as well as loss of freedom, bodily injury and pain, emotional pain, worry, suffering, inconvenience, mental distress in the form of embarrassment, humiliation, and anxiety, fright, nervousness, indignity, humiliation, embarrassment, insult, and loss of enjoyment of life.

Case 4:21-cv-00534-FJG Document 1-2 Filed 07/26/21 Page 5 of 13
Electronically Filed - Jackson - Independence - June 08, 2021 - 11:14 AM

Electronically Filed - Jackson - Independence - June 08, 2021 - 11:14 AM

20. The damages enumerated in this pleading include, but are not limited to, the pain and suffering endured by Ms. Hoeschele, including permanent reduction in the full use of her arm.

EXEMPLARY DAMAGES

All of the acts of defendant were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for, the safety and rights of Ms. Hoeschele. Therefore, Ms. Hoeschele entitled to an award of exemplary damages against the defendant acting in his individual capacity.

**Count I – 42 U.S.C. §1983 – Violations of the Constitution of the United States and Federal Laws by Use of Excessive Force and Effectuating an Illegal Detention**

21. The preceding paragraphs are incorporated by reference.

22. The actions of the defendant, taken under color of law, caused deprivation of rights, privileges, and immunities secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983.

23. Defendant's actions and omissions were intentional and/or wrongful and/or reckless.

24. The defendant's acts and omissions constituted violations of the Fourth and Fourteenth Amendments, and other provisions of the United States Constitution. Ms. Hoeschele specifically alleges that there was an an illegal and unconstitutional use of excessive force and deprivation of liberty without due process, all in violation of the listed constitutional provisions. The defendant violated Ms. Hoeschele's constitutional

right to be free from arbitrary, unnecessary violence perpetrated by government officials. The force used was greater than was reasonably necessary.

25. Ms. Hoeschele specifically alleges that he is entitled to damages as a direct and proximate result of the defendant's acts and omissions.

26. Defendant breached his duties, and those breaches proximately and actually caused or contributed to cause Ms. Hoeschele' injuries. There was a special relationship between Ms. Hoeschele and defendant. Defendant should have foreseen the danger to her in terms of a common-sense perception of the risks involved in the situation and specifically the risks that were likely enough to happen that a reasonably prudent person would take them into account.

27. The defendant's acts and omissions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for, Ms. Hoeschele' safety and rights. Ms. Hoeschele is thus entitled to awards of exemplary damages against the individual defendant in his individual capacities.

28. Ms. Hoeschele seeks attorney's fees and expenses pursuant to 42 U.S.C. §1988.

**WHEREFORE,** Plaintiff prays that this Court enter a judgment under Count I against the defendant, specifically granting the following relief:

a. An award of fair and reasonable compensatory damages;

b. An award of exemplary damages against the individual defendant acting in his individual capacities;

c. An award of reasonable attorney's fees and expenses to plaintiff's counsel;

d. Such other orders as the Court deems just and proper.

Case 4:21-cv-00534-FJG Document 1-2 Filed 07/26/21 Page 7 of 13

Electronically Filed - Jackson - Independence - June 08, 2021 - 11:14 AM

DEMAND FOR JURY TRIAL

Jessica Hoeschele respectfully demands a jury trial on all issues raised.

DESIGNATION OF PLACE OF TRIAL

Jessica Hoeschele respectfully designates Independence, Missouri as the place of trial.

**The Law Office of Richard W. Johnson, LLC**

**/s/ Richard W. Johnson**
BY:_________________________
Richard W. Johnson, Mo. Bar #52416
PO Box 7529
Kansas County, MO 64116
Phone: (816) 521-8249
Fax: (888) 908-6869
thedefenders2005@gmail.com
ATTORNEY FOR PLAINTIFF

Electronically Filed - Jackson - Independence - June 08, 2021 - 11:14 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

**JESSICA HOESCHELE,**

**PLAINTIFF(S),** **CASE NO. 2116-CV12198**
**VS.** **DIVISION 2**

**J. STAUCH,**

**DEFENDANT(S).**

**NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION**

---

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **KENNETH R GARRETT III** on **04-OCT-2021** in **DIVISION 2** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

a. A trial setting;

b. Expert Witness Disclosure Cutoff Date;

c. A schedule for the orderly preparation of the case for trial;

d. Any issues which require input or action by the Court;

e. The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **KENNETH R GARRETT III**
KENNETH R GARRETT III**, Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
RICHARD WAYNE JOHNSON, PO BOX 7529, KANSAS CITY, MO 64116

Defendant(s):
J. STAUCH

Dated: 08-JUN-2021          MARY A. MARQUEZ
                            Court Administrator



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: **2116-CV12198** | |
|---|---|---|
| Plaintiff/Petitioner:<br>JESSICA HOESCHELE<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD WAYNE JOHNSON<br>PO BOX 7529<br>KANSAS CITY, MO 64116 | |
| Defendant/Respondent:<br>J. STAUCH | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** **J. STAUCH**
**Alias:**

**223 N. MEMORIAL DR.**
**INDEPENDENCE, MO 64050**

*COURT SEAL OF*

*JACKSON COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

08-JUN-2021
Date

Clerk

Further Information:

**Sheriff's or Server's Return**

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______________________ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

______________________ (name) ______________________ (title).

☐ other ______________________.

Served at ______________________ (address)

in ______________________ (County/City of St. Louis), MO, on ______________________ (date) at ______________________ (time).

______________________ Printed Name of Sheriff or Server

______________________ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on ______________________ (date).

My commission expires: ______________________ Date ______________________ Notary Public

**Sheriff's Fees**

| | |
|---|---|
| Summons | $__________ |
| Non Est | $__________ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $__________ (______ miles @ $.______ per mile) |
| **Total** | **$__________** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County



Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print GrantedPublicAccess Logoff NICHOLECALDWELL

2116-CV12198 - JESSICA HOESCHELE V J. STAUCH (E-CASE)

FV File Viewer | Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution

Click here to eFile on Case
**Click here to Respond to Selected Documents**

**Sort Date Entries:** Descending Ascending

**Display Options:** All Entries

**06/08/2021**

**Summons Issued-Circuit**
Document ID: 21-SMCC-5291, for STAUCH, J..

**Case Mgmt Conf Scheduled**
**Scheduled For:** 10/04/2021; 8:30 AM ; KENNETH R GARRETT III; Jackson - Independence

**Judge Assigned**

**Filing Info Sheet eFiling**
**Filed By:** RICHARD WAYNE JOHNSON

**Note to Clerk eFiling**
**Filed By:** RICHARD WAYNE JOHNSON

**Pet Filed in Circuit Ct**
Petition.
**Filed By:** RICHARD WAYNE JOHNSON
**On Behalf Of:** JESSICA HOESCHELE

Case.net Version 5.14.19 Return to Top of Page Released 07/15/2021